UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-427-MOC

| NATALIE PRATT, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| ALIGHT FINANCIAL SOLUTIONS, LLC, ALIGHT SOLUTIONS, LLC, | ) ORDER |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' Partial Motion to Dismiss. (Doc. No. 6).

## I. BACKGROUND

Plaintiff initiated this action in state court on June 11, 2021, approximately eighteen months after she alleges she was discharged from employment on January 10, 2020. See (Doc. No. 1-1, ¶ 17). Defendants removed the case to this Court on August 17, 2021.

Plaintiff asserts that Defendants discriminated against her based on her alleged disability and failed to accommodate her in violation of the Americans with Disabilities Act, as amended ("ADA") (Count I); (2) wrongfully terminated her in violation of North Carolina's public policy as set forth in the North Carolina Equal Employment Practices Act (Count II); and (3) wrongfully terminated her in violation of the Family Medical Leave Act (Count III).

Defendants filed the pending motion to dismiss Plaintiff's ADA claim on September 7, 2021. Plaintiff has filed a response, in which she states that she does not oppose the motion to dismiss.

1

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

## III. DISCUSSION

Before filing a lawsuit alleging employment discrimination under the ADA, a plaintiff must exhaust her administrative remedies before the U.S. Equal Employment Opportunity Commission ("EEOC"). See Underdue v. Wells Fargo Bank, N.A., No. 3:14cv183, 2016 WL 3452492, at *2 (W.D.N.C. June 6, 2016) (noting that "the ADA, Title VII, and the ADEA share enforcement procedures, including the requirement that a plaintiff must first exhaust administrative remedies before filing a federal lawsuit"). A plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged adverse employment action. See Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004).

The Supreme Court in Ford Bend Cty., Texas v. Davis, recently held that the charge-filing exhaustion requirement is a mandatory processing rule that may subject a plaintiff's claims to dismissal. 139 S. Ct. 1843, 1851 (2019). Since Fort Bend County was decided, courts in this judicial district have repeatedly held that a plaintiff's failure to exhaust administrative remedies applicable to discrimination claims warrants dismissal of those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Krings v. AVL Techs., 1:20 CV 259 MR WCM, 2021 WL 1235129, at *3 (W.D.N.C. Feb. 10, 2021) (dismissing plaintiff's claims where plaintiff filed suit before the EEOC had issued a right-to-sue letter); Gill v. Coca-Cola Bottling Co. Consol., 3:18-CV-681-MOC-DSC, 2019 WL 4439496, at *3 (W.D.N.C. Sept. 16, 2019) (dismissing the discrimination claims plaintiff failed to raise in his EEOC Charge under Rule 12(b)(6) for failure to exhaust administrative remedies); see also McCaskey v. U.S.P.S., No. 3:18cv411, 2021 WL 1537793 (W.D.N.C. Mar. 26, 2021) (dismissal of ADA claim warranted on 12(b)(6) for failure to exhaust at EEOC).

Here, Plaintiff's Complaint does not make any reference to ever filing a charge of discrimination with the EEOC, nor does her Complaint include any exhibits or appendices

3

indicating that a charge was ever commenced. See Wallace v. Bd. of Educ. of Calvert Cnty., CV PX 16-3242, 2017 WL 2361161, at *5 (D. Md. May 31, 2017) ("Even if Plaintiff had exhausted her administrative remedies, she has not pleaded any facts in the instant complaint to sustain this claim."). In her response, Plaintiff states that she does not oppose the motion to dismiss, essentially conceding that she did not file an EEOC charge for her ADA claim. (Doc. No. 9). In sum, because Plaintiff failed to file a charge of discrimination within the period for doing so, Plaintiff's ADA claim must be dismissed with prejudice. See Odom v. Brookfield Renewable, 1:20-CV-00101-MR-WCM, 2021 WL 1015857, at *4 (W.D.N.C. Feb. 11, 2021) (dismissing plaintiff's claims with prejudice where all the inappropriate conduct Plaintiff alleges to have occurred took place well in advance of the 180-day deadline to file a charge of discrimination with the EEOC).

## IV. CONCLUSION

Defendants' partial motion to dismiss is granted, and Plaintiff's ADA claim is hereby dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Partial Motion to Dismiss, (Doc. No. 6), is **GRANTED**, and Plaintiff's ADA claim is **DISMISSED** with prejudice. All other claims remain in this action.

Signed: October 28, 2021

Max O. Cogburn Jr.
United States District Judge