# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-427-MOC-DCK

| | |
|---|---|
| NATALIE PRATT, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| ALIGHT FINANCIAL SOLUTIONS, LLC, and ALIGHT SOLUTIONS LLC, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Consent Protective Order" (Document No. 14) filed March 3, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned **grants** the motion and adopts the parties' proposed Consent Protective Order as follows.

WHEREAS, Defendants ("Defendants") and Plaintiff Natalie Pratt ("Plaintiff") (collectively "the Parties"), through their counsel, have stipulated to the entry of this Protective Order (the "Protective Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

WHEREAS, this Protective Order governs the use of all produced documents, responses to interrogatories and requests for admission, deposition transcripts and any other information, documents, objects, or things which have been or will be produced or received by any Party during proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof;

**IT IS, THEREFORE, ORDERED** by the Court that the following restrictions and procedures, having been agreed to by the Parties, are approved by the Court and binding on all Parties to this action:

1. Counsel for any Party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or third party. The Parties understand and agree that due to the volume of material produced in discovery, it may be necessary for the sake of efficiency to designate documents as Confidential Information before the Parties are able to complete an assessment on each document produced during discovery. Designating documents as Confidential Information for the purposes of efficiency shall not be deemed a violation of the parties' obligation to make a good-faith assessment as otherwise required by this paragraph.

   a. Information and documents designated by a Party as confidential will be labeled 'CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or designated as confidential in accompanying correspondence.

   b. In the case of depositions or other pretrial testimony in this action, if particular testimony or on-the-record discussions will involve materials or information that is CONFIDENTIAL, designating counsel should indicate in a clear fashion the portion of the testimony that is intended to be designated as CONFIDENTIAL. Alternatively, the confidential material, and all testimony and other on-the-record statements discussing such material, may be separated into a separately bound transcript that prominently identifies the contents as "Proceedings Regarding Confidential Material."

   c. When producing native files that contain Confidential Information, pending agreement by the Parties at the time of production, the producing Party shall include the

designation in the native file's filename (if produced). The filename of any record that is produced in native format should contain both the Bates number and the confidentiality designation, if any. For instance, an excel file produced as ABC001234 that is confidential should be named "ABC001234 CONFIDENTIAL.xls". To the extent that any receiving Party prints any native file containing Confidential Information, such printouts shall be marked by the receiving Party as described in subsection (B)(1) above. No receiving Party shall disseminate electronically native files that have been designated as Confidential Information.

2. "Confidential" information or documents may be referred to collectively as "Confidential Information."

    a. "Confidential Information" means and includes the following:

        i. Information that constitutes confidential, proprietary, financial, business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party, including but not limited to, financial statements or financial records; records related to time worked and pay; client and sales information;

        ii. medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered;

        iii. personal information about Plaintiff, her respective family members and/or Defendants' current or former employees and their family members, including but not limited to, personnel records and other employment-related

information; income tax records; documents related to employee benefits; and all other documents containing private employment-related information, health-related information, spouse and other dependent information;

    iv. all personally identifiable information, to include dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments; and

    v. Financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income).

b. Confidential Information shall NOT include, without limitation, any material that:

    i. is, at the time of disclosure, lawfully in the public domain;

    ii. is already lawfully in the possession of the Party seeking discovery at the time of disclosure and not under any obligation of confidence; or

    iii. is obtained by a Party by lawful means unrelated to the discovery process and without any obligation of confidence.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party

may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Likewise, nothing in this Protective Order constitutes a finding or admission that any of the documents or information designated under this Protective Order is Confidential Information, and nothing in this Protective Order shall prevent any Party from contending that any such information is not Confidential or that information not designated pursuant to this Protective Order is, in fact, Confidential. Each party specifically reserves the right to object to the production of or use or admissibility of all Confidential Information disclosed, in accordance with applicable law. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. the requesting party and counsel;

    b. employees of such counsel assigned to and necessary to assist in the litigation such as paralegal or clerical employees, or vendors (such as court reporters, copy centers, or e-discovery consultants);

    c. consultants or experts whether or not employees or officers of the Parties, retained by any Party to consult or testify in the case;

    d. any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information

    e. any person whom counsel reasonably believes authored or is in possession of the information designated as Confidential. If upon inquiry it is determined that such person did not author or review the designated Confidential Information,

then the disclosure shall immediately cease and no further disclosure to such person shall be made;

f.  the Court or the jury at trial or as exhibits to motions;

g.  any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation; and

h.  any other person who obtains access to the Confidential Information with the prior written consent of the Party who designated the information Confidential or upon a further order of the Court.

4.  If any party inadvertently fails to designate any material as Confidential Information before production, it may correct its error at any time utilizing the following procedures. Upon learning that Confidential Information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the Confidential Information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designated party within ten (10) business days of any written notice requesting their return, or to make all reasonable efforts to label the Confidential Information appropriately as requested by the designating party.

5.  The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 3 (c) and (e) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the

form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court. In the event a Party believes, in good faith, that there has been a violation of this Protective Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed form of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

6. It is understood by the other parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

7. If a party wishes to file with the Court any document or transcript designated confidential, and the Party determines that the Confidential Information is not important to the party's intended use of the document, that party shall (1) redact the Confidential Information; and (2) provide a redacted copy of the document/transcript to the producing party's counsel. As soon as reasonably possible but not later than three (3) business days after receipt of such redactions, the producing party's counsel shall advise the redacting party whether they object to the public filing of the redacted document. If the producing party does so object, then the document shall be filed under seal, as herein described.

All materials designated as Confidential in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information shall be filed under seal pursuant to Local Rule 6.1 and kept under seal under further order of the Court.

7

Case 3:21-cv-00427-MOC-DCK   Document 15   Filed 03/03/22   Page 7 of 11

8. Any Party served with a subpoena or other request for the production of documents or information requesting the production of any Confidential Information that the subpoenaed or requested Party received from another Party shall give notice of such subpoena or production request to all Parties. Such notice shall: (1) be provided as promptly as possible, and no later than within three business days of the Party's receipt of the subpoena or production request, (2) include a copy of the subpoena or production request and all attachments thereto, and (3) identify the date on which the subpoenaed or requested Party intends to produce Confidential Information pursuant to the subpoena or production request. If the Party whose Confidential Information is at issue challenges the subpoena or production request, the subpoenaed or requested Party shall not produce the Confidential Information unless and until (1) all challenges to the subpoena or production request are finally resolved or (2) otherwise ordered by any court

9. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Provided, however, that principal counsel of record for the Parties may retain one copy of each designated document solely for reference in the event of, and only in the event of, a dispute in which the Confidential Information is directly relevant. No Confidential Information shall be used in connection with any such dispute without notice to the affected Party and providing such Party with an opportunity to object. Unless otherwise ordered by this Court or another court or administrative body of competent jurisdiction, the terms of this order shall survive and remain in full and effect after termination of this litigation.

10. In the event that a third party is served with a subpoena or other request for discovery by one or more of the Parties in this action and the third party requires that confidential

treatment be afforded to documents or information that the third party will produce in response, then the third party may avail itself of the terms and conditions of this Order. To proceed in this fashion a third party shall submit written notice to the Parties that it wishes to be bound by the terms and conditions of the Order. Thereafter, documents and information produced by the third party shall be treated by the producing third party and the Parties as produced pursuant to the terms and conditions of the Order. The Parties consent to the form and entry of this Protective Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanction.

13. This Order shall be effective as of **March 3, 2022**, and shall survive the conclusion of this lawsuit.

14. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**SO ORDERED**

Signed: March 3, 2022

David C. Keesler
United States Magistrate Judge

**CONSENTED TO BY:**

| **Counsel for Plaintiff:** | **Counsel for Defendants:** |
|---|---|
| /s/Julie H. Fosbinder | /s/Michael D. Ray |
| N.C. Bar No. 19400 | N.C. Bar No. 52947 |
| Fosbinder Law Office | Ogletree, Deakins, Nash Smoke and Stewart |
| 840 Seneca Place | 201 S. College Street Suite 2300 |
| Charlotte, N.C. 28210 | Charlotte, NC 28244 |
| Telephone: (704) 333-1428 | Tel: (704) 342-3113 |
| Facsimile: (704) 333-1431 | Fax: (704) 342-4379 |
| Email: jhanfos2@gmail.com | Email: michael.ray@ogletree.com |
| | |
| /s/Jordan Sprenger-Wilson | /s/S. Abigail Littrell |
| N.C. Bar No. 54507 | N.C. Bar No. 49354 |
| Fosbinder Law Office | Ogletree, Deakins, Nash Smoke and Stewart |
| 840 Seneca Place | 201 S. College Street Suite 2300 |
| Charlotte, N.C. 28210 | Charlotte, NC 28244 |
| Telephone: (612) 709-6153 | Tel: (704) 405-3131 |
| Facsimile: (704) 333-1431 | Fax: (704) 342-4379 |
| Email: jordan.m.sprenger@gmail.com | Email: abby.littrell@ogletree.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-427-MOC-DCK

| | |
|---|---|
| **NATALIE PRATT,** | ) |
| **Plaintiff,** | ) |
| v. | ) **EXHIBIT A** |
| **ALIGHT FINANCIAL SOLUTIONS, LLC,** and **ALIGHT SOLUTIONS LLC,** | ) |
| **Defendants.** | ) |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Natalie Pratt v. Alight Financial Solutions, LLC, and Alight Solutions LLC* have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court. A copy of the Protective Order entered in this case has been given to me, and I have read it.

Under penalty of contempt of Court, I hereby agree to comply with and be bound by the provisions of the Protective Order and that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

_____
Name

Dated: _____

Signed in the presence of:

_____
(Attorney)